UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL TYLER,

    Petitioner,

vs.                              Case No. 2:09-cv-368-FtM-29SPC
                                       Case No. 2:06-cr-65-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1], filed on June 11, 2009. The United States filed an Answer in Opposition (Cv. Doc. #12), asserting among other things that the petition was untimely. In the unusual posture of this case, petitioner's § 2255 motion is either untimely, and therefore subject to dismissal with prejudice, or premature, and therefore subject to dismissal without prejudice. In any event, petitioner's § 2255 motion is due to be dismissed.

**I.**

The government argued that the § 2255 Motion was untimely because it was filed more than one year after petitioner's

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

conviction became final. The government asserted that petitioner's conviction became final on February 26, 2008, because petitioner had failed to file a petition for *certiorari* with the United States Supreme Court. (Cv. Doc. #12, p. 8.) In the § 2255 Motion, however, petitioner alleged that he had filed a Writ of *Certiorari* with the United States Supreme Court, and that the Writ was denied in June 2008. (Cv. Doc. #1, p. 3, ¶9.) Neither the Eleventh Circuit nor the district court dockets reflected that petitioner filed a Petition for Writ to the United States Supreme Court, and a computer search of Supreme Court cases failed to show such a Petition for Writ had been filed. Therefore, on August 18, 2009, the Court entered an Order to Show Cause (Cv. Doc. #13) directing that within thirty days the petitioner was to file a copy of the Order denying his Petition for Writ of *Certiorari* or provide the Court with the United States Supreme Court docket number for his Petition for Writ of *Certiorari*. On September 21, 2009, the Court granted petitioner an additional 60 days to respond to the Order to Show Cause. (Cv. Doc. #16.)

On November 23, 2009, petitioner filed a Motion to Reinstate Proceedings of 28 U.S.C. § 2255 Motion, and to Grant Permission to File Travers to Government Response to § 2255 Motion Set Forth. (Cv. Doc. #17.) In this motion, petitioner asserts that after his direct appeal was denied by the Eleventh Circuit Court of Appeals he completed the forms to file a petition for writ of *certiorari*

and gave them to prison officials to mail to the United States Supreme Court.  Petitioner was thereafter transferred to another facility and his legal papers were to be mailed to his mother, but they never arrived.  Petitioner argues that under the "mailbox rule" his Petition for Writ of *Certiorari* is deemed filed when he gave the documents to prison officials.  Id. at p. 4.  Petitioner also argues that the Court should deem the Petition for Writ of *Certiorari* to have been denied as of the June 2008 date set forth in his § 2255 motion.  Id.

**II.**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).  The only issues in this case

relate to whether petitioner's conviction has become final, and if so, when.

The record reflects that Judgment in a Criminal Case (Cr. Doc. #66) was entered on March 6, 2007, sentencing petitioner to 240 months as to Count Three, to be served consecutively to Counts Four and Six; 360 months each as to Counts Four and Six of the Superceding Indictment, to be served concurrently to each other for a total term of 600 months; and supervised release for a term of life as to all counts. Petitioner filed a Notice of Appeal (Cr. Doc. #67), and on November 28, 2007, the Eleventh Circuit Court of Appeals affirmed the sentence and conviction. See United States v. Tyler, 256 Fed. Appx. 310 (11th Cir. 2007).

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255 's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). See also Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir.), cert. denied, 537 U.S. 875 (2002). If petitioner did not file a petition for *certiorari*, his conviction became "final" on February 26, 2008, 90 days after the Eleventh Circuit's November 28, 2007, decision affirming his conviction and sentence. Kaufmann, 282 F.3d at 1337. Thus, defendant would have had until February 26, 2009 to file his § 2255 motion. For a defendant who does file a petition for a writ of *certiorari*, the conviction

becomes final when the Supreme Court denies the petition or affirms the conviction after granting the petition. Clay, 537 U.S. at 527, 528-32.

Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266, 270 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the § 2255 motion filed on May 28, 2009, the date petitioner signed the motion while incarcerated. This is approximately 90 days beyond the one year time period if no petition for writ of *certiorari* was filed with the United States Supreme Court, therefore the § 2255 motion would be untimely. No basis for equitable tolling has been shown, and the § 2255 motion must be dismissed with prejudice as untimely.

Petitioner argues, however, that he is deemed to have filed his Petition for Writ of *Certiorari* because he gave his forms to prison officials, and under the "mailbox rule" the petition is deemed to have been filed on that day. The Rules of the United States Supreme Court provide in relevant part: "If submitted by an inmate confined in an institution, a document is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid." Sup. Ct. R. 29.2. Additionally, the clerk of the Supreme Court may "not file any petition for a writ of certiorari that is

jurisdictionally out of time." Sᴜᴘ. Cᴛ. R. 13.2. It is for the Supreme Court to determine whether petitioner has complied with the mailbox rule, and whether his Petition for *Certiorari* is timely, not a district court. Additionally, a district court cannot simply deem a petition denied, as petitioner requests in this case. It seems clear that the Supreme Court has not been asked by petitioner to apply the mailbox rule to him and has not made any decision. If petitioner is entitled to the benefit of the mailbox rule, his § 2255 motion is premature because his conviction is not yet final. Under these circumstances the § 2255 motion must be dismissed without prejudice to petitioner pursuing the matter in the United States Supreme Court. Depending on the result, this may reset the date the conviction becomes final. See Jimenez v. Quarterman, 129 S. Ct. 681 (2009).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a person in Federal Custody (Cv. Doc. #1) is **DISMISSED WITH PREJUDICE** as untimely, or alternatively is **DISMISSED WITHOUT PREJUDICE** as premature.

2. Any pending motion is denied as moot.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of December, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of Record